UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:21CR00634 RLW/PLC |
| | ) | |
| QAIS MERAJ, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION FOR INQUIRY INTO POTENTIAL CONFLICT OF INTEREST

COMES NOW, the United States of America, by and through its attorney Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Amy E. Sestric, Assistant United States Attorney for said District, and for its Motion for Inquiry into Potential Conflict of Interest as to attorney Mark Hammer, states as follows:

The United States files the instant motion to request that the Court inquire into any potential conflict of interest that may be present in the representation of Defendant Qais Meraj ("Q. Meraj") in the above-captioned case and of Defendant Aziza Meraj ("A. Meraj") in Case No. 4:21CR633 AGF/PLC by attorney Mark Hammer, who recently entered his appearance as co-counsel in this matter. (Doc. 27.)  At this time, the United States is not making a motion to disqualify Mr. Hammer from representing either A. Meraj or Q. Meraj, though it reserves the right to do so.  In light of the information provided herein, however, the United States respectfully submits that it is necessary for the Court to inquire further into the matter to ensure that A. Meraj's and Q. Meraj's respective rights to effective assistance of counsel are protected.

1

**Factual Background**

On November 17, 2021, a grand jury sitting in the Eastern Judicial District of Missouri indicted Qais Meraj ("Q. Meraj") for violations of 18 U.S.C. §§ 1035(a)(2) and 2 in the above-captioned case. (Doc. 1). Specifically, Q. Meraj was charged with making and using false and fraudulent timesheets for in-home personal health care services that he purportedly provided to Missouri Medicaid beneficiaries in the Eastern District of Missouri, when either Q. Meraj or his Missouri Medicaid beneficiary clients were out of the country.

On November 17, 2021, a grand jury sitting in the Eastern District of Missouri also indicted Aziza Meraj ("A. Meraj") for violations of 18 U.S.C. §§ 1035(a)(2) and 2. (Case No. 4:21CR633 AGF/PLC, Doc. 1). A. Meraj, who is married to Q. Meraj, also was charged with making and using false and fraudulent timesheets for in-home personal health care services that she purportedly provided to Missouri Medicaid beneficiaries in the Eastern District of Missouri, when either A. Meraj or her Missouri Medicaid beneficiary clients were out of the country.

Attorney Mark Hammer's recent entry of his appearance on behalf of both A. Meraj and Q. Meraj creates a potential conflict of interest. A. Meraj and Q. Meraj are married to each other and are charged in separate indictments with making and using false and fraudulent timesheets for care they purportedly provided to Missouri Medicaid beneficiaries, some of whom also are married couples (e.g., A. Meraj purportedly provided personal care services to B.S., and Q. Meraj purportedly provided personal care services to P.S., who is married to B.S.). It is therefore likely that A. Meraj has information which, if provided to the United States, could be used against Q. Meraj, and vice versa, creating a potential conflict of interest for an attorney simultaneously representing both of them.

Prior to Mr. Hammer's entries of appearance, his now-co-counsel Kevin Dolley represented both A. Meraj and Q. Meraj.  On December 20, 2021, the Government filed motions for inquiry into a potential conflict of interest as to Mr. Dolley's representation of A. Meraj and Q. Meraj.  (Doc. 13.)  The Court held a hearing on January 12, 2022 and concluded that a potential conflict existed.  (Doc. 19.)  The Court further made a finding that A. Meraj and Q. Meraj knowingly and voluntarily waived that potential conflict.  (*Id.*)  The Court ordered Mr. Dolley to file written waivers of his clients' potential conflicts of interest and Mr. Dolley complied.  (Docs. 19, 24.)

This previous waiver of any potential conflict of interest was specific to Mr. Dolley's concurrent representation of both A. Meraj and Q. Meraj.  (*See, e.g.*, Doc. 24 ("I have been informed of a potential conflict of interest arising as a result of my attorney Kevin J. Dolley's representation of Aziza Meraj . . . .").)  Mr. Hammer's representation of both A. Meraj and Q. Meraj has not yet been addressed.

Mr. Hammer first became involved in this matter on or about March 17, 2022.  The following day, he and the undersigned had a telephone call during which the undersigned inquired whether Mr. Hammer intended to file conflict waivers to address the same issue that Mr. Dolley had encountered by virtue of his representation of both A. Meraj and Q. Meraj.  Mr. Hammer indicated that he did intend to file such waivers.  The undersigned reminded Mr. Hammer of the potential conflict issue in emails again on March 24, 2022, and March 29, 2022, and then again via telephone on April 1, 2022; during that telephone call, Mr. Hammer stated he would file conflict waivers within the next couple of days.  No waivers have been filed as to the potential conflict of interest that arises by Mr. Hammer's representation of both A. Meraj and Q. Meraj. Accordingly, the Government respectfully requests that the Court inquire further into the matter

3

to ensure that A. Meraj's and Q. Meraj's respective rights to effective assistance of counsel are protected.

## Legal Analysis

The Eighth Circuit has held that "the Sixth Amendment right to counsel embraces the right to conflict-free counsel." *Dawan v. Lockhart*, 31 F.3d 718, 720–21 (8th Cir. 1994).

A. Concurrent Conflicts of Interest

Missouri Supreme Court Rule 4-1.7 addresses concurrent conflicts of interest, stating that such conflict "exists if…there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer."[1] Conflicts resulting from one attorney's representation of multiple defendants in the same or in related cases can arise in various ways. *See* Mo. Sup. Ct. R. 4-1.7 cmt. ¶ 6 ("[A] directly adverse conflict may arise when a lawyer is required to cross-examine a client who appears as a witness in a lawsuit involving another client, as when the testimony will be damaging to the client who is represented in the lawsuit."); Mo. Sup. Ct. R. 4-1.7 cmt. ¶ 23 ("A conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question."). As the comments to the Missouri Supreme Court Rules further elaborate, common representation of clients in the same matter may also have unfavorable implications for the attorney-client privilege and the attorney's duty of confidentiality. *See* Mo. Sup. Ct. Rule 4-1.7 cmt. ¶¶ 30–31 (noting

---

1 This Court has adopted Missouri Supreme Court Rule 4 as its rules of professional conduct for attorneys appearing before the District Court. *See* E.D. Mo. L.R. 83-12.02.

attorney-client privilege does not attach between commonly represented clients and duty of confidentiality requires lawyer to share information obtained from one client with the other).

While Mr. Hammer is not representing A. Meraj and Q. Meraj as co-defendants in the same criminal case as contemplated by Fed. R. Crim. P. 44 (addressing joint representation issues) and Mo. Sup .Ct. Rule 4-1.7 cmt. ¶¶ 30–31, many of the same concerns addressed therein are present here. A. Meraj and Q. Meraj are defendants in cases charged on the same date, under the same statutes, and which involve much of the same evidence and witnesses, including the possibility that either defendant could be a witness in the other defendant's criminal case.

B.  Inquiries By The Court Into Potential Conflicts Of Interest

Upon being informed of a risk of a conflict of interest, the court may schedule a pretrial hearing to inquire into the situation. *United States v. Lashley*, 251 F.3d 706, 711 (8th Cir. 2001). "When a court determines that a defendant is deprived of conflict-free counsel," the court must "appoint separate counsel or . . . otherwise take adequate steps to ascertain whether the risk is too remote to warrant separate counsel." *United States v. Washburn*, 728 F.3d 775, 784–85 (8th Cir. 2013). If, on the other hand, a trial court "fails to make an investigation into the source of the conflict . . . when the court knows or reasonably should know that a conflict exists, reversal is automatic." *Dawan*, 31 F.3d at 721.

If the court finds the potential for a conflict exists, then it must, at the very least, obtain a waiver of the conflict from each defendant potentially affected by the conflict and ensure that any such waiver is knowing, intelligent, and voluntary. *Holloway v. Arkansas*, 435 U.S. 475, 483 n.5 (1978); *see, e.g.*, *Noe v. United States*, 601 F.3d 784, 791–92 (8th Cir. 2010); *Henderson v. Smith*, 903 F.2d 534, 536–37 (8th Cir. 1990); *United States v. Lawriw*, 568 F.2d 98, 104 (8th Cir. 1977). "To establish a valid waiver, . . . the trial court [must] question the defendant about her

5

waiver, advise her of the potential danger of dual representation, allow her to ask questions about the dual representation, and place the entire procedure on the record." *Henderson*, 903 F.2d at 537; *see also* Mo. Sup. Ct. R. 4-1.7(b) (permitting an attorney to undertake a joint representation where, *inter alia*, "each affected client gives informed consent, confirmed in writing").

### REQUEST FOR INQUIRY

The United States respectfully requests that the Court conduct an inquiry into (1) whether Mr. Hammer's representation of A. Meraj and Q. Meraj in their respective criminal cases presents a conflict of interest, and (2) whether any conflict of interest may be properly waived.

WHEREFORE the United States prays that this Court set a hearing to conduct the requested inquiry, and for such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> SAYLER A. FLEMING
> United States Attorney
>
> */s/  Amy E. Sestric*
> AMY E. SESTRIC, #66219MO
> Assistant United States Attorney
> 111 S. 10th Street, Room 20.331
> St. Louis, Missouri   63102
> (314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                              /s/  Amy E. Sestric
                                              AMY E. SESTRIC, #66219MO
                                              Assistant United States Attorney